# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **NORVELL SKIN SOLUTIONS, LLC,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **CRYSTALS LIMITED,** ) <br> ) <br> Defendant. ) <br> ) <br> ) | Civil Action No. 3:15-cv-0196 <br> Judge Trauger <br><br> **JURY DEMAND** |

## AGREED PROTECTIVE ORDER

As evidenced by the signatures of counsel to the parties below, the parties are in agreement, and the Court hereby ORDERS, as follows:

1. All information produced or exchanged in the course of pretrial discovery in this litigation that contains proprietary financial, personal and/or business information, and that is so designated by the producing party, shall be deemed "Confidential" information. Information that contains highly sensitive, highly confidential, proprietary business, financial or trade secret information that the producing party reasonably believes is of such nature and character that the unauthorized disclosure of such information to persons other than those listed in Paragraph 4, below, could irreparably injure the producing party, and that is so designated by the producing party, shall be deemed "Outside Attorneys' Eyes Only" information.

2. In designating information as "Confidential" or "Outside Attorneys' Eyes Only," the producing party shall make such designation only as to that information that it believes in good faith contains "Confidential" or "Outside Attorneys' Eyes Only" information. Each document, or portion, that a producing party wishes to designate as "Confidential" or "Outside

Attorneys' Eyes Only" shall be clearly marked "Confidential" or "Outside Attorneys' Eyes Only" or equivalent words on each page thereof (unless such a mark would impair the legibility of the document, in which case the stamp or mark should appear where legibility would not be impaired). With respect to deposition transcripts and exhibits, the producing party or that party's counsel may indicate on the record that a question calls for Confidential or Outside Attorneys' Eyes Only information, in which case the transcript of the designated testimony shall be marked "Confidential Information Governed by Protective Order" by the reporter. Alternatively, with respect to deposition transcripts and exhibits, no later than ten (10) business days following receipt of the transcript from the reporter, the producing party or that party's counsel may identify, by page and line number, testimony to be designated Confidential or Outside Attorneys' Eyes Only, in which case the transcript of the designated testimony shall be marked "Confidential Information Governed by Protective Order" by the reporter. Prior to the expiration of the ten-business day period, deposition transcripts and exhibits shall be treated as Outside Attorneys' Eyes Only information.

3. Confidential information shall be used solely for the purpose of this litigation and shall not be given, shown, made available, discussed, or otherwise communicated in any way to anyone other than:

(a) The parties of record, counsel of record in this litigation, and employees of such counsel to whom it is necessary that the material be shown for purposes of this litigation;

(b) Inside counsel of a party working directly on this litigation, including employees who are working directly on the litigation under the direction of counsel;

(c) Any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(d) As to any document, its author, its addressee, and any other person indicated on the face of the documents as having received a copy;

(e) Any other person whose testimony is taken or is to be taken in this litigation, except that such a person may only be shown Confidential Information during his or her testimony and in preparation for it and only to the extent necessary for such preparation and testimony and only after being advised by counsel of this Order, its meaning and purpose;

(f) Third party vendors retained to copy, reproduce or store discovery materials;

(g) Stenographers and/or court reporters engaged to transcribe depositions conducted in this action;

(h) Any individual chosen by the parties to mediate this action and that person's support personnel;

(i) Any other person who is designated as a qualified person by order of this Court, after notice to all parties, or agreed to in writing by the parties; and

(j) The Court and its staff.

4. "Outside Attorneys' Eyes Only" information shall be used solely for the purpose of this litigation and shall not be given, shown, made available, discussed, or otherwise communicated in any way to anyone other than:

(a) The counsel of record in this litigation, and employees of such counsel to whom it is necessary that the material be shown for purposes of this litigation;

(b) As to any document, its author, its addressee, and any other person indicated on the face of the documents as having received a copy;

(c) Any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(d) Third party vendors retained to copy, reproduce or store discovery materials;

(e) Stenographers and/or court reporters engaged to transcribe depositions conducted in this action;

(f) Any individual chosen by the parties to mediate this action and that person's support personnel;

(g) Any other person who is designated as a qualified person by order of this Court, after notice to all parties, or agreed to in writing by the parties; and

(h) The Court and its staff.

5. All persons, including counsel and their employees, employees of parties, independent consultants or experts, and witnesses who pursuant to Paragraphs 3 and/or 4 receive any Confidential or Outside Attorneys' Eyes Only information shall be advised of, and given a copy of, this Order. In addition, prior to any disclosure of any Confidential or Outside Attorneys' Eyes Only information to any person referred to in subparagraphs 3(c) or 4(c) above, such person shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement and produce it to opposing counsel upon request.

6. This order does not apply to information gained from any source other than pretrial discovery unless such information or outside source could only be identified or its existence learned of through production of Confidential or Outside Attorneys' Eyes Only information.

7. Any party at any time may apply for release from the proscriptions of this Order as to any document upon motion served upon all parties hereto, and upon any other persons entitled to such notice under applicable privacy law. Before any motion is filed, the parties shall meet and confer in an attempt to resolve any issue regarding the designation of any document(s) pursuant to this order. Pending court order the proscription of this order shall remain in effect.

8. If any party wishes to give, show, or make available Confidential or Outside Attorneys' Eyes Only information to persons other than those referred to in Paragraphs 3 or 4 above, such persons shall submit to counsel for the producing party a written statement specifically identifying the Confidential or Outside Attorneys' Eyes Only information to be disclosed and the name, title and business relationship of the person or persons to whom disclosure is requested. The attorneys for the producing party shall have five (5) business days from the date of receipt of such request to object to such disclosure. If the producing party and the requesting party are unable to informally resolve any objection, the requesting party through counsel may submit such dispute to the Court for resolution.

9. Any person generally identified in Paragraphs 3 or 4 who receives Confidential or Outside Attorneys' Eyes Only information as a result of pretrial discovery is prohibited and enjoined from using such information for any purpose other than the litigation and is further prohibited and enjoined from disclosing such information to any other person, except in conformance with this Order or any subsequent order. This Order does not prevent disclosure of

information obtained from any source other than materials containing Confidential or Outside Attorneys' Eyes Only information.

10. Subject to any overriding rules imposed by the Court in this Action, all "Outside Attorneys' Eyes Only" information, or any excerpt, reproduction or paraphrase thereof, filed with the Court shall be filed electronically under seal in accord with § 5.07 of Administrative Order No. 167, entitled "Administrative Practices and Procedures for Electronic Case Filing (ECF)," entered April 18, 2005.

11. The parties shall, within 90 days of the conclusion of this action, return to the producing party all documents containing Confidential or Outside Attorneys' Eyes Only information or destroy said documents upon the request of the producing party.

12. The inadvertent or unintentional disclosure by the producing party of Confidential or Outside Attorneys' Eyes Only information shall not be deemed a waiver in whole or in part of the confidential nature of the information disclosed or as to any other information relating thereto or on the same or related subject matter. In such event, a party may subsequently designate such information as Confidential or Outside Attorneys' Eyes Only.

13. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed. Within five (5) business days of the notification that

such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

14. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

15. Any party may apply at any time to the Court for modification of, or an exception to, this Order. In the event of a dispute concerning whether information should appropriately be designated Confidential or Outside Attorneys' Eyes Only, the burden shall be on the designating party to demonstrate that the designation is appropriate.

16. This Order is effective immediately and will remain in effect pending any appeal relating to it, subject to any contrary orders of an appellate court. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

IT IS SO ORDERED.

_____
HON. ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE

APPROVED FOR ENTRY:

/s/ David L. Johnson (by MHS with permission)
William R. O'Bryan, Jr.
David L. Johnson
BUTLER SNOW LLP
The Pinnacle at Symphony Place
150 3rd Avenue South, Suite 1600
Nashville, TN 37201
Phone: (615) 651-6700
Facsimile: (615) 651-6701
bill.obryan@butlersnow.com
david.johnson@butlersnow.com

*Attorneys for Plaintiff*


/s/ Melissa Hunter Smith
John Wingo
Melissa Hunter Smith
STITES & HARBISON, PLLC
SunTrust Plaza
401 Commerce Street, Suite 800
Nashville, TN 37219-2376
Telephone: 615-244-5200
Facsimile: 615-742-7215
John.wingo@stites.com
Melissa.smith@stites.com

*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | |
|---|---|
| **NORVELL SKIN SOLUTIONS, LLC,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 3:15-cv-0196** |
| ) | **Judge Trauger** |
| **CRYSTALS LIMITED,** ) | |
| ) | |
|     **Defendant.** ) | |
| ) | |

    I, _____, acknowledge that I have read and understand the Agreed Protective Order in this action governing the non-disclosure of information that has been designated as "Confidential" or "Outside Attorneys' Eyes Only." I agree that I will not disclose such Confidential or Outside Attorneys' Eyes Only information to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Agreed Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Middle District of Tennessee for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Agreed Protective Order could subject me to punishment for contempt of Court.

Dated: _____            _____